Filed 5/3/16  P. v. Granillo CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064424 |
| v. | (Super.Ct.No. INF1401391) |
| GUADALUPE GERONIMO GRANILLO, JR., | O P I N I O N |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Dale R. Wells, Judge.  Affirmed.

Thea Greenhalgh, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, Guadalupe Geronimo Granillo, Jr., pled guilty to two counts of assault with a semiautomatic firearm (counts 1 & 2; Pen. Code, § 245, subd.

(b)),[1] criminal threats (count 3; § 422), felon in unlawful possession of a firearm (count 4; § 29800, subd. (a)(1)), felon in unlawful possession of ammunition (count 5; § 30305, subd. (a)); and battery (count 6; § 242). Defendant additionally admitted allegations in counts 1 through 3 that he personally used a semiautomatic firearm (§§ 12022.5, subd. (a), 1192.7, subd. (c)(8)), that in count 1 he personally inflicted great bodily injury upon the victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8)), and that he had suffered four prior prison terms (§ 667.5, subd. (b)). The court sentenced defendant to an aggregate term of 10 years' incarceration.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and identifying one potentially arguable issue: whether defendant's counsel committed constitutionally ineffective assistance of counsel in failing to properly investigate defendant's case and in coercing defendant into entering the plea. We affirm.

## I. PROCEDURAL BACKGROUD

In a plea to the court and over the People's objection, defendant entered the plea as described *ante*. Prior to taking the plea, the court asked defendant if he had gone over the plea agreement with his attorney, felt he understood it, and initialed and signed it. Defendant said that he had and did.

The provisions of the plea agreement initialed and signed by defendant expressly provided that no one had placed any pressure of any kind upon defendant in order for him

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

to enter the plea and that he had adequate time to discuss the case with his attorney. Defendant's counsel signed the agreement reflecting that defendant had adequate time to discuss the case and plea with his attorney.

Defendant filed a notice of appeal in which he requested a certificate of probable cause alleging he felt pressured by his counsel into entering the plea and that his counsel had not fully investigated his case. The court granted the request.

## II. DISCUSSION

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

## III. DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

HOLLENHORST
J.

3